JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
ACTING UNITED STATES ATTORNEY
DAVID J. MORSE, IDAHO STATE BAR NO. 10066
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. WILLIAM CHARLES JONES, Defendant. | Case No. 1:25-cr-200-BLW<br><br>**INDICTMENT**<br><br>21 U.S.C. § 841(a)(1) and (b)(1)(B)<br>21 U.S.C. § 843(b)<br>21 U.S.C. § 846<br>21 U.S.C. § 853<br>28 U.S.C. § 2461(c)<br><br>**Filed Under Seal** |

The Grand Jury charges:

### COUNT ONE

**Attempted Possession with Intent to Distribute a Controlled Substance**
**21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846**

On or about January 24, 2025, through January 27, 2025, in the District of Idaho, the Defendant, WILLIAM CHARLES JONES, did knowingly and intentionally attempt to possess 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, with the intent to distribute it to another person, and took a

INDICTMENT - 1

substantial step toward committing that offense, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B), and 846.

## COUNT TWO

### Attempted Possession with Intent to Distribute a Controlled Substance
### 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846

On or about April 14, 2025 through April 17, 2025, in the District of Idaho, the Defendant, WILLIAM CHARLES JONES, did knowingly and intentionally attempt to possess 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, with the intent to distribute it to another person, and took a substantial step toward committing that offense, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B), and 846.

## COUNT THREE

### Unlawful Use of Communication Facility
### 21 U.S.C. § 843(b)

On or about January 24, 2025, through January 27, 2025, and April 14, 2025, through April 17, 2025, in the District of Idaho and elsewhere, the Defendant, WILLIAM CHARLES JONES, did knowingly and intentionally use a communication facility, specifically Federal Express ("FedEx"), a package delivery service company, to facilitate the Attempted Possession with the Intent to Distribute a Controlled Substance, as charged in Count One of this Indictment, a felony pursuant to Title 21, United States Code Section 841(a)(1), and (b), all in violation of Title 21, United States Code, Section 843(b).

INDICTMENT - 2

## COUNT FOUR

### Unlawful Use of Communication Facility
### 21 U.S.C. § 843(b)

On or about April 14, 2025, through April 17, 2025, in the District of Idaho and elsewhere, the Defendant, WILLIAM CHARLES JONES, did knowingly and intentionally use a communication facility, specifically Federal Express ("FedEx"), a package delivery service company, to facilitate the Attempted Possession with the Intent to Distribute a Controlled Substance, as charged in Count Two of this Indictment, a felony pursuant to Title 21, United States Code Section 841(a)(1), and (b), all in violation of Title 21, United States Code, Section 843(b).

## CRIMINAL FORFEITURE ALLEGATIONS
### 28 U.S.C. § 2461(c), and 21 U.S.C. § 853

Upon conviction of the offenses alleges in this Indictment, the Defendant, WILLIAM CHARLES JONES, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the said Defendant obtained directly or indirectly as a result of the foregoing offenses; and any and all property, real, and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offense. The property to be forfeited includes, but is not limited to, the following:

1. <u>Unrecovered Cash Proceeds and/or Facilitating Property.</u> The Defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the Defendant used to facilitate the offense, but based upon actions of the Defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

**INDICTMENT - 3**

2.  Substitute Assets. Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, or "any other property of the defendant" up to the value of the Defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

   a)  Cannot be located upon the exercise of due diligence;

   b)  Has been transferred or sold to, or deposited with, a third person;

   c)  Has been placed beyond the jurisdiction of the court;

   d)  Has been substantially diminished in value; or

   e)  Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 8th day of July, 2025.

A TRUE BILL

/s/ [signature on reverse]
_____
FOREPERSON

JUSTIN D. WHATCOTT
ACTING UNITED STATES ATTORNEY
By:

_____
DAVID J. MORSE
ASSISTANT UNITED STATES ATTORNEY

INDICTMENT - 4